**AFFIRMED as MODIFIED; Opinion Filed January 3, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-00668-CR
No. 05-13-00670-CR

**DAVID MORENO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-35133-W, F12-35134-W**

## MEMORANDUM OPINION

Before Justices O'Neill, Myers, and Brown
Opinion by Justice Myers

David Moreno waived a jury and pleaded guilty to aggravated assault with serious bodily injury involving family violence and a deadly weapon and aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a) (West 2011). In each case, the trial court assessed punishment, enhanced by a prior felony conviction, at forty-five years' imprisonment. The trial court's judgment also includes an order that appellant pay $244 in court costs in each case. In three issues, appellant contends there is insufficient evidence in the record to support the trial court's orders that he pay $244 in court costs, and one of the judgments should be modified to reflect appellant's plea and the trial court's finding on the enhancement paragraph. We

modify the trial court's judgment in cause no. 05-13-00668-CR and affirm as modified. We affirm the trial court's judgment in cause no. 05-13-00670-CR.

COURT COSTS

In his first two issues, appellant contends the evidence is insufficient to support the trial court's judgment that appellant pay $244 in court costs in each case because the clerk's records do not contain bills of costs. The State responds that the record contains sufficient evidence in support of a portion of the amount of costs assessed by the trial court in each case.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have been accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id*. art. 103.001.

The clerk's records in these cases do not contain copies of the bills of costs. We, however, ordered the Dallas County District Clerk to file a supplemental record containing a certified bill of costs associated with each case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant items have been omitted). Appellant's complaints that the evidence is insufficient to support the imposition of costs because the clerk's records did not contain bills of costs are now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, pet. ref'd); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule appellant's first and second issue.

MODIFY JUDGMENT

In his third issue, appellant contends the judgment in cause no. 05-13-00668-CR should be modified to show he pleaded true to the enhancement paragraph and the trial court found the enhancement paragraph true. The State responds that the judgment should be modified as appellant requests.

Appellant pleaded true to the enhancement paragraph contained in each indictment at the same time he pleaded guilty to the offenses. The trial court found appellant guilty of the two offenses and found the enhancement paragraph true. The judgment, however, omits the plea and finding on the enhancement paragraph. Thus, the judgment is not correct. We sustain appellant's third issue. We modify the judgment to show appellant pleaded true to one enhancement paragraph and the trial court found the enhancement paragraph true. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.─Dallas 1991, pet. ref'd).

CONCLUSION

In cause no. 05-13-00668-CR, we affirm the trial court's judgment as modified. In cause no. 05-13-00670-CR, we affirm the trial court's judgment.


/s/ Lana Myers
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130668F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID MORENO, Appellant

No. 05-13-00668-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F12-35133-W).
Opinion delivered by Justice Myers,
Justices O'Neill and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** to show a plea of true to the first enhancement paragraph and findings of true to the first enhancement paragraph.

As modified, we **AFFIRM** the trial court's judgment.

We **ORDER** the trial court to enter a new judgment reflecting these modifications.

Judgment entered January 3, 2014.

/ Lana Myers/
LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID MORENO, Appellant

No. 05-13-00670-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District Court of Dallas County, Texas (Tr.Ct.No. F12-35134-W).
Opinion delivered by Justice Myers, Justices O'Neill and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered January 3, 2014.

/Lana Myers/
LANA MYERS
JUSTICE